**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TRACEY COFFIN,

Plaintiff,

v. Case No. 2:26-cv-742-SPC-KRH

PUNTA GORDA HOUSING AUTHORITY, et al.

Defendants.

______________________________/

# ORDER

This matter is before the Court on pro se Plaintiff Tracey Coffin's Motion for Guidance Regarding Service on Defendant Marianne Ramirez (Doc. 34). The Court's August 14 Order gave Coffin until September 4 to provide the Clerk with a service form containing a correct address for Ramirez, after the initial attempt at the Rossman Realty business address went unexecuted. Coffin, who proceeds in forma pauperis ("IFP"), now filed this Motion describing her efforts to locate Ramirez and asking for the Court's guidance.[1] (Doc. 34).

Coffin's pro se and IFP status matter here. When a plaintiff is granted leave to proceed IFP, the Court must direct the United States Marshal to serve process on her behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The Marshal's obligation relieves the plaintiff of the burden of service process herself, once she has taken

---

[1] The Court liberally construes Coffin's Notice as a Motion seeking the Court's guidance in effectuating service.

reasonable steps to identify the defendants for the Court. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2019). And when the Marshal's attempt at service fails through no fault of the plaintiff, that failure constitutes good cause under Rule 4(m) for an extension of time. *Id.* at 1288.

Nothing before the Court suggests Coffin is at fault for the Marshal's failed attempt, and her notice reflects some effort to locate a workable address. But it is ultimately her responsibility to provide the proper information for service. *See, e.g.*, *Marsh v. State of Fla.*, No. 2:02-cv-599-FTM29SPC, 2006 WL 626410, at *1 (M.D. Fla. Mar. 13, 2006) ("While an *in form pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility." (citations omitted)). Nor can this case linger on the Court's docket while service remains unexecuted. "The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system." *Id.*

The Court will therefore grant one more extension. If Coffin cannot identify a current address for Ramirez by the new deadline, the Court will take up whether dismissal of the claims against Ramirez is warranted under Rule 4(m).

**ORDERED**:

1. Plaintiff Tracey Coffin's Motion for Guidance Regarding Service on Defendant Marianne Ramirez (Doc. 34) is **DENIED.**

2. Plaintiff's deadline to mail a completed service form with a current address for Defendant Marianne Ramirez is **extended to September 11, 2026**.

3. **The Court cautions Plaintiff that failure to identify a current address by the deadline set above may result in her claims against Ramirez being dismissed without prejudice and without further notice**.

In Fort Myers, Florida on August 25th, 2026.

Kevin R. Huguelet
United States Magistrate Judge